UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Mickyas Berhanemeskel,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>S. Lopez, T Rundus, and B. Truman,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-01371-JAD-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 7). Plaintiff also submitted a complaint. (ECF No. 7-1).[1] Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. And because Plaintiff alleges a colorable claim for excessive force under the Fourth Amendment, the Court allows his complaint to proceed and instructs Plaintiff regarding service.

**I.　*In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 7). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is

---

[1] Plaintiff attaches a new complaint to his renewed application to proceed *in forma pauperis*. (ECF No. 7-1). Because, as a general rule, an amended complaint supersedes the original, the Court will screen the new complaint and not the original. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

1   F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiff alleges that Las Vegas Metropolitan Police Department Officers S. Lopez, T Rundus, and B. Truman arrested him on February 25, 2024.  (ECF No. 7-1 at 3).  Plaintiff alleges that the officers told him to get on the ground with his hands over his head and to lift his feet in the air and cross them.  (*Id.*).  But even though he was compliant, when he did so, all three officers jumped on his feet, causing them to bend all the way to his lower back.  (*Id.*).  Plaintiff alleges that this caused him severe lower back pain and knee pain.  (*Id.*).  He adds that he was transported to the hospital that same night for an EKG because he had trouble breathing and for an x-ray.  (*Id.*).  Plaintiff brings one claim against these officers for "8th Amendment cruel and unusual punishment (excessive force)."  (*Id.*).

Plaintiff's claim is more appropriately raised as one for excessive force under the Fourth Amendment, rather than for cruel and unusual punishment under the Eighth Amendment.  This is because Plaintiff's allegations are based on events surrounding his arrest, and not following conviction and sentencing.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the court of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…") (emphasis in original).  The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..."  U.S. CONST.

amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham*, 490 U.S. at 394-95.

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 397 (internal citations omitted).

Here, Plaintiff has alleged a colorable claim for excessive force in violation of the Fourth Amendment. He asserts that, although he did not resist Defendants and complied with their requests, Defendants jumped on his legs, causing them to bend painfully. The Court thus allows this claim to proceed against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Southern Desert Correctional Center will forward payments from the account of **Mickyas Berhanemeskel, Inmate No. 1281818**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk

of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for excessive force in violation of his Fourth Amendment rights shall proceed against Officers S. Lopez, T. Rundus, and B. Truman.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to do the following:

1. File Plaintiff's complaint (ECF No. 7-1) on the docket.
2. Issue summonses to (1) Officer S. Lopez #18727; (2) Officer T. Rundus #19611; and (3) Officer B. Truman #16025.
3. Deliver the three summonses along with three copies of the complaint (ECF No. 7-1) and a copy of this order to the United States Marshals Service ("USMS") for service.
4. Send Plaintiff three blank copies of Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 Form for each Defendant and shall have until **September 18, 2024** to send his completed forms to the USMS for service. Within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

///

///

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 26, 2024** to serve the Defendants. Fed. R. Civ. P. 4(m).

DATED: August 28, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE