# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mickyas Berhanemeskel, | Case No. 2:24-cv-01371-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| S. Lopez, T. Rundus, B. Truman, LVMPD, | |
| Defendants. | |

Before the Court is pro se Plaintiff's amended complaint. (ECF No. 19). Plaintiff explains in two letters that his summonses were returned unexecuted because he had not signed his complaint. (ECF No. 18); (ECF No. 19-1). His amended complaint makes no changes to the complaint, other than the addition of his signature. *Compare* (ECF No. 19) (amended complaint) *with* (ECF No. 10) (screened complaint). Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court screens his amended complaint. The Court further instructs Plaintiff regarding service and will extend Plaintiff's deadline for service.

**I.  Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

1  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d
2  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of
3  the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.
4  v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual
5  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
6  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.
7  Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations
8  contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,
9  556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory
10 allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the
11 line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.
12 Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings
13 drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
14 construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

15      Federal courts are courts of limited jurisdiction and possess only that power authorized by
16 the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C.
17 § 1331, federal courts have original jurisdiction over "all civil actions arising under the
18 Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when
19 federal law creates the cause of action or where the vindication of a right under state law
20 necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277
21 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the
22 "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a
23 federal question is presented on the face of the plaintiff's properly pleaded complaint."
24 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal
25 district courts have original jurisdiction over civil actions in diversity cases "where the matter in
26 controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of
27 different states." Generally speaking, diversity jurisdiction exists only where there is "complete
28

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening the complaint.**

Plaintiff sues the Las Vegas Metropolitan Police Department ("LVMPD")[1] and LVMPD Officers S. Lopez, T. Rundus, and B. Truman. Plaintiff alleges that Lopez, Rundus, and Truman arrested him on February 25, 2024. (ECF No. 19 at 3). Plaintiff alleges that the officers told him to get on the ground with his hands over his head and to lift his feet in the air and cross them. (*Id.*). But even though he was compliant, when he did so, all three officers jumped on his feet, causing them to bend all the way to his lower back. (*Id.*). Plaintiff alleges that this caused him severe lower back pain and knee pain. (*Id.*). He adds that he was transported to the hospital that same night for an EKG because he had trouble breathing and for an x-ray. (*Id.*). Plaintiff brings one claim against these officers for "8th Amendment cruel and unusual punishment (excessive force)." (*Id.*).

Plaintiff's claim is more appropriately raised as one for excessive force under the Fourth Amendment, rather than for cruel and unusual punishment under the Eighth Amendment. This is because Plaintiff's allegations are based on events surrounding his arrest, and not following conviction and sentencing. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…") (emphasis in original). The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S. CONST. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967).

---

[1] The Court's prior screening order did not address LVMPD because, although Plaintiff listed LVMPD as a defendant, he did not bring any claims against it. The Court takes this opportunity to address LVMPD and to inform Plaintiff that he cannot sue LVMPD under 42 U.S.C. § 1983 simply because it employed the other Defendants.

Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham*, 490 U.S. at 394-95.

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 397 (internal citations omitted).

Here, Plaintiff has alleged a colorable claim for excessive force in violation of the Fourth Amendment. He asserts that, although he did not resist Lopez, Rundus, and Truman, and complied with their requests, the officers jumped on his legs, causing them to bend painfully. The Court thus allows this claim to proceed against Defendants Lopez, Rundus, and Truman.

While Plaintiff lists LVMPD as a Defendant, he does not otherwise allege any facts regarding LVMPD's involvement in the arrest. To the extent Plaintiff names LVMPD as a defendant simply because it employed Lopez, Rundus, and Truman, the Court dismisses Plaintiff's claims against it because "[t]here is no *respondeat superior*[2] liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (cleaned up) (emphasis added). While municipal liability may attach where a plaintiff's alleged constitutional deprivation was the product of a policy or custom of the local government, Plaintiff has not alleged that LVMPD enacted any policy or custom that led to his constitutional deprivation. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-95 (1978).

---

[2] *Respondeat superior* refers to the legal doctrine "holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Respondeat Superior*, BLACK'S LAW DICTIONARY (12th ed. 2024).

**IT IS THEREFORE ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for excessive force in violation of his Fourth Amendment rights shall proceed against Officers S. Lopez, T. Rundus, and B. Truman.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff brings his Fourth Amendment claim against LVMPD, that claim is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 19) will be the operative complaint in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to do the following:

1. Issue summonses to (1) Officer S. Lopez #18727; (2) Officer T. Rundus #19611; and (3) Officer B. Truman #16025.
2. Deliver the three summonses along with three copies of the complaint (ECF No. 19) and a copy of this order to the United States Marshals Service ("USMS") for service.
3. Send Plaintiff three blank copies of Form USM-285 and a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff must complete one USM-285 Form for each Defendant and shall have until **November 21, 2024** to send his completed forms to the USMS for service. Within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 20, 2025** to serve the Defendants. Fed. R. Civ. P. 4(m).

DATED: October 22, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE