UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mickyas Berhanemeskel,<br><br>   Plaintiff,<br><br>   v.<br><br>S. Lopez; T. Rundus; B. Truman,<br><br>   Defendants. | Case No. 2:24-cv-01371-JAD-DJA<br><br>**Order** |

Before the Court is Plaintiff's motion for extension of time to serve Defendant T. Rundus (ECF No. 36), Defendants' motion for the Court to screen Plaintiff's amended complaint (ECF No. 39), Defendants' motion to take Plaintiff's deposition (ECF No. 45), and Plaintiff's motions for appointment of counsel (ECF No. 46, 47). Also before the Court is Plaintiff's notice, seeking help with serving subpoenas. (ECF No. 50). Because Plaintiff already served Rundus before the deadline to serve passed, the Court denies his motion for extension of time as moot. Because Defendants have not demonstrated why the Court must screen Plaintiff's amended complaint, the Court denies their motion to screen. Because Defendants have demonstrated that Plaintiff's deposition is necessary and because Plaintiff has not opposed Defendants' motion, the Court grants Defendants' motion to depose Plaintiff. Because Plaintiff has not demonstrated exceptional circumstances, the Court denies his motions for appointment of counsel. Finally, the Court informs Plaintiff that it cannot provide him legal advice, but directs him to the applicable Federal Rule of Civil Procedure governing subpoenas.

**I.      Plaintiff's motion for extension of time.**

Plaintiff moves for an extension of time to serve Rundus. (ECF No. 36). However, the summons for Rundus was ultimately returned executed on January 13, 2025, (ECF No. 35), before the February 19, 2025, deadline for service (ECF No. 28). So, the Court denies Plaintiff's motion for an extension of time as moot.

**II.       Defendants' motion for the Court to screen Plaintiff's amended complaint.**

Defendants move the Court to screen Plaintiff's amended complaint. (ECF No. 39). The Court declines to do so. Courts in this district have determined that the Prison Litigation Reform Act ("PLRA") does not obligate the Court to screen every proposed amended complaint. *See Joshua v. Oliver*, No. 2:23-cv-01087-MMD-MDC, 2024 WL 4891858, at *2 (D. Nev. Nov. 25, 2024) (compiling cases). Indeed, in *Caballero v. Aranas*, a court in this district clarified that,

> courts in this district screen complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening." *Jones* [*v. Bock*], 549 U.S. [199], 223 [(2007)]. The decision to engage in post-answer screening is made on a case-by-case basis.

*Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 WL 3546853, at *3 (D. Nev. June 29, 2020).

The Court denies Defendants' motion for it to screen Plaintiff's amended complaint. Defendants Lopez and Truman already responded to Plaintiff's complaint (ECF No. 31) before Plaintiff filed his amended complaint (ECF No. 34). The Court has also already entered a scheduling order. (ECF No. 37). And Rundus also answered Plaintiff's complaint, albeit after Plaintiff filed his amended complaint. (ECF No. 42). So, it is up to the Court whether to screen Plaintiff's amended complaint. And Defendants have provided no persuasive reason for the Court to do so. The Court thus denies Defendants' motion. It further clarifies that Plaintiff's amended complaint (ECF No. 34) is the operative complaint in this matter because Plaintiff filed it within twenty-one days after Lopez and Truman's answer (ECF No. 31). *See* Fed. R. Civ. P. 15(a)(1)(B).

**III.      Defendants' motion to take Plaintiff's deposition.**

Defendants move for leave to take Plaintiff's deposition under Federal Rule of Civil Procedure 30(a)(2)(B) because Plaintiff is incarcerated. (ECF No. 45). They request an order

permitting Plaintiff's deposition "to go forward at the place of his incarceration…" (*Id.* at 3). Plaintiff did not respond to the motion.

Under Federal Rule of Civil Procedure 30(a)(2)(B) a party seeking to depose a witness in custody must obtain leave of court. "The Court 'must grant leave to the extent consistent with Rule 26(b)(1) [defining the scope of relevant discovery] and (2) [granting the Court discretion to limit discovery under some circumstances].'" *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at *3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Id.* "Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition[:] (1) is relevant and proportional to the needs of the case per Rule 26(b)(1)[;] and (2) implicates any of the concerns listed in Rule 26(b)(2)." *Id.* (citing *Becker v. OSB Inv., LLC*, No. 2:19-mc-00032-MWF, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and *Griffin v. Johnson*, No. 1:13-cv-01599, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)). Under Local Rule 7-2(d), the failure of a party to respond to a motion constitutes consent to the granting of the motion.

The Court grants Defendants' motion to depose Plaintiff. The Court finds that Plaintiff's deposition is relevant to the case and has no reason to find that it would implicate the concerns outlined in Federal Rule of Civil Procedure 26(b)(2). Additionally, Plaintiff has not responded to the motion, constituting his consent to the Court granting it.

**IV.     Plaintiff's motions for appointment of counsel.**

Plaintiff has filed two motions for appointment of counsel, which motions are identical. (ECF Nos. 46, 47). Plaintiff explains that he is unable to afford counsel, that his imprisonment

will limit his ability to litigate his case, that a trial is likely, and that he has been unsuccessful in his attempts to obtain a lawyer.[1] Defendants oppose Plaintiff's motions. (ECF Nos. 48, 49).

Litigants normally do not have a right to appointed counsel in a civil case. *See U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, Plaintiff has not demonstrated exceptional circumstances at this stage in the litigation. While Plaintiff describes difficulties he is facing pursuing his case pro se while incarcerated, many incarcerated pro se litigants face similar difficulties. Additionally, Plaintiff's case is at its early stages and Plaintiff has thus far demonstrated an ability to articulate his claims in light of the complexity of the legal issues involved. So, the Court denies Plaintiff's motions for appointment of counsel without prejudice to Plaintiff filing a renewed motion if he can demonstrate exceptional circumstances.

V.  **Plaintiff's notice seeking assistance with discovery.**

Plaintiff has filed a notice in which he states that he has attempted to subpoena records from University Medical Center Hospital ("UMC"), emergency medical transport ("EMT") records, a fire station report, and a "PSI" and police report, all related to the allegations in his complaint. (ECF No. 50). Plaintiff attaches a letter from the United States Marshal Service ("USMS") in which the USMS explained that it could not serve Plaintiff's process without "proper documents from the clerk of court." Plaintiff also attaches the subpoenas he requested

---

[1] Plaintiff also attaches a document seeking the Court's assistance with discovery. Plaintiff has also separately filed this document on the docket as a notice. (ECF No. 50). So, the Court will address this document separately.

the USMS to serve. These subpoenas are not signed by the Clerk of Court. Plaintiff requests the Clerk to assist him in obtaining the documents he needs.

The Court cannot provide Plaintiff with legal advice or advocate on his behalf. *See Rush v. Denco Enterprises, Inc.*, No. ED CV 11-00030-DOC-DTBx, 2011 WL 13130991, at *2 (C.D. Cal. June 29, 2011) (compiling cases). Plaintiff may reference Federal Rule of Civil Procedure 45 regarding subpoenas. Additionally, it appears that Plaintiff is attempting to issue his own subpoenas. However, Federal Rule of Civil Procedure 45(a)(3) provides in part that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service."

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time to serve T. Rundus (ECF No. 36) is **denied as moot.**

**IT IS FURTHER ORDERED** that Defendants' motion for the Court to screen Plaintiff's amended complaint (ECF No. 39) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint filed at ECF No. 34 is the operative complaint.

**IT IS FURTHER ORDERED** that Defendants' motion to take Plaintiff's deposition (ECF No. 45) is **granted.** The Three Lakes Valley Conservation Camp shall allow for the deposition of Mickyas Berhanemeskel, Inmate No. 1281818, at a date and time that is mutually convenient for the parties and the prison, but no later than **April 16, 2025**. Counsel for Defendants must contact the Three Lakes Valley Conservation Camp to schedule the deposition.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (ECF Nos. 46, 47) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: March 18, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE