**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mickyas Berhanemeskel, | Case No. 2:24-cv-01371-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| S. Lopez, T. Rundus, B. Truman, Las Vegas Metropolitan Police Department, | |
| Defendants. | |

Before the Court is Plaintiff Mickyas Berhanemeskel's motion for subpoenas (ECF No. 52); Defendants S. Lopez, T. Rundus, B. Truman, and Las Vegas Metropolitan Police Department ("LVMPD")'s motion to extend discovery (ECF No. 53); and Plaintiff's motion to extend discovery (ECF No. 57). Because Plaintiff properly seeks a subpoena for the Nevada Department of Corrections ("NDOC"), but not for the named Defendants, the Court grants in part and denies in part Plaintiff's motion for subpoenas. Because Defendants have shown good cause, and because Plaintiff seeks similar relief and has shown good cause as well, the Court grants both Defendants and Plaintiff's motions to extend discovery.

**I.      Motion for subpoenas.**

Plaintiff moves for subpoenas to non-party NDOC and to Defendants. (ECF No. 52). Defendants respond and argue that they are not the proper recipient of a subpoena because a discovery request is the more appropriate method by which Plaintiff can seek information. (ECF No. 55). They also argue that Plaintiff has not complied with the notice requirements under Federal Rule of Civil Procedure 45.

The Court will deny Plaintiff's motion to the extent it seeks to subpoena Defendants or to request documents from Defendants. If Plaintiff seeks documents from Defendants, a Federal Rule of Civil Procedure 34 document request directed to and served on Defendants is the proper

way to do so, not a Federal Rule of Civil Procedure 45 subpoena or a motion.  *See* Fed. R. Civ. P. 5(d)(1)(A) (explaining that discovery requests must not be filed with the Court until they are used in the proceeding or the court orders filing); *see McCall v. State Farm Mut. Auto Ins. Co.*, 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (explaining that a Rule 45 subpoena "cannot be used to circumvent Rule 34 or the other discovery rules.").

On the other hand, the Court will grant Plaintiff's motion to the extent it seeks a subpoena for third party NDOC.  Plaintiff has not yet sought to serve a subpoena, so he has not failed to comply with the Federal Rule of Civil Procedure 45(a)(4) notice requirement.  Instead, the Court liberally construes Plaintiff's motion as seeking a subpoena under Federal Rule of Civil Procedure 45(a)(3).  That rule provides that, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service."  Because Plaintiff has requested a subpoena to NDOC, the Court will issue one, signed but otherwise in blank, for Plaintiff to complete and serve.

## II. Motions to extend time.

Defendants move to extend time because their counsel has conflicts with other cases and personal obligations and because their counsel have been attempting to schedule Plaintiff's deposition in this case.  (ECF No. 53).  Plaintiff did not respond to the motion to extend time, but filed his own motion to extend discovery.  (ECF No. 57).  In it, Plaintiff requests additional time for discovery so that he may have time to serve subpoenas.

The Court finds that both Defendants and Plaintiff have demonstrated good cause to extend discovery.  *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.  So, the Court grants both motions.  The Court will set the deadlines suggested in Defendants' motion to extend time.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for subpoenas (ECF No. 52) is **granted in part and denied in part.**  It is granted in part regarding Plaintiff's request for a subpoena that he may complete and serve on NDOC.  It is denied in all other respects.  The Clerk of Court is kindly directed to issue a subpoena, signed but otherwise in blank, to Plaintiff.

Plaintiff must complete the subpoena before service. The Clerk of Court is also kindly directed to send a copy of this order to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants' motion to extend time (ECF No. 53) and Plaintiff's motion to extend time (ECF No. 57) are **granted.** The following deadlines shall govern discovery:

| | |
|---|---|
| Discovery cutoff: | July 15, 2025 |
| Discovery motions: | July 29, 2025 |
| Dispositive motions: | August 14, 2025 |
| Joint pretrial order: | September 15, 2025[1] |

DATED: April 14, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.