**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Mickyas Berhanemeskel, | Case No. 2:24-cv-01371-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| S. Lopez; T. Rundus; B. Truman, | |
| Defendants. | |

Before the Court is Plaintiff's motion for appointment of counsel (ECF No. 60), two motions for subpoena "papers" (ECF Nos. 64, 68), motion to file an amended complaint (ECF No. 71), and motion to extend discovery (ECF No. 80). For the reasons outlined below, the Court denies Plaintiff's motion for appointment of counsel without prejudice, grants in part and denies in part his motions for subpoenas, grants his motion to amend his complaint, and grants his motion to extend discovery.

**I.      Motion for appointment of counsel.**

Litigants normally do not have a right to appointed counsel in a civil case. *See U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff explains that he cannot afford counsel, that he has been unsuccessful in obtaining counsel, that his case is complex, that he has limited legal knowledge, and that he has no physical

access to the law library at the Three Lakes Conservation Camp where he resides.  (ECF No. 60).  However, Plaintiff describes difficulties that nearly every pro se litigant who is incarcerated faces.  Additionally, while Plaintiff asserts that he has no physical access to the law library, he appears to suggest that he has some access to the law library.  But Plaintiff provides no further detail in his motion about how this is impairing his case.  Without opining on the success of Plaintiff's case, his allegations have passed screening, indicating that his claims may have merit.  And Plaintiff has thus far demonstrated an ability to articulate his claims in light of the complexity of his case and despite his limited access to the law library.  So, the Court denies his motion for appointment of counsel without prejudice.

**II.    Motions for subpoena "papers."**

In two identical motions, Plaintiff requests that the Court issue him a subpoena so that he may subpoena records from the fire department that transported him to the hospital on the night of his arrest.  (ECF Nos. 64, 68).  Plaintiff also asks that the Court issue a subpoena so that he might subpoena LVMPD for body camera footage from the night of his arrest.  He asserts that Defendants purported to produce this footage with their initial disclosures, but he never received the footage.  In response, Defendants assert that they have already provided their body camera footage to Plaintiff on two occasions, once in their initial disclosures and once again after Plaintiff said at his deposition that he did not receive the footage.  (ECF Nos. 67, 73).  They add that Plaintiff failed to meet and confer before bringing his motion.

Federal Rule of Civil Procedure 45(a)(3) provides in part that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service."  Plaintiff appears to request that the Court issue a subpoena so that he may seek records from a witness, the fire department that transported him.  The Court will grant this request.

The Court denies Plaintiff's request for a subpoena to seek body camera footage from Defendants.  Because Plaintiff has already requested the footage from Defendants, the Court

1    construes his motion as one to compel discovery under Federal Rule of Civil Procedure 37(a).

2    However, Rule 37(a), and Nevada Local Rule[1] 26-6, require a meet and confer.

3         Local Rule 26-6(c) provides:

4            Discovery motions will not be considered unless the movant (1) has

5            made a good faith effort to meet and confer as defined in LR IA 1-
             3(f)[2] before filing the motion, and (2) includes a declaration setting

6

7

8    _____

9    [1] This refers to the Local Rules of Practice for the United States District Court for the District of
     Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-

10   orders/

11   [2] Local Rule IA 1-3(f) provides the following:

12           Meet and Confer.  Whenever used in these rules, to "meet and
             confer" means to communicate directly and discuss in good faith the

13           issues required under the particular rule or court order.  This
             requirement is reciprocal and applies to all participants.  Unless

14           these rules or a court order provide otherwise, this requirement may
             only be satisfied through direct dialogue and discussion in a face-to-

15           face meeting, telephone conference, or video conference.  The
             exchange of written, electronic, or voice-mail communications does

16           not satisfy this requirement.

17        (1)  The requirement to meet and confer face-to-face or via
              telephonic or video conference does not apply in the case of an

18            incarcerated individual appearing pro se, in which case the
              meet-and-confer requirement may be satisfied through written

19            communication.

20        (2)  A party who files a motion to which the meet-and-confer
              requirement applies must submit a declaration stating all meet-

21            and-confer efforts, including the time, place, manner, and
              participants.  The movant must certify that, despite a sincere

22            effort to resolve or narrow the dispute during the meet-and-
              confer conference, the parties were unable to resolve or narrow

23            the dispute without court intervention.

24        (3)  In addition to any sanction available under the Federal Rules of
              Civil Procedure, statutes, or case law, the court may impose

25            appropriate sanctions under LR IA 11-8 for a party's failure to
              comply with the meet-and-confer requirement.

26

27        (4)  Failure to make a good-faith effort to meet and confer before
              filing any motion to which the requirement applies may result

28            in denial of the motion.

forth the details and results of the meet and confer conference about each disputed discovery request.

Additionally, Local Rule 26-6(b) requires that all motions to compel "must set forth in full the text of the discovery originally sought and any response to it." A meet and confer is thus a prerequisite to a motion to compel.

As Defendants point out, they have already produced the footage Plaintiff seeks. So, it appears that Plaintiff has been unable to receive or possibly view the footage, an issue that he must address with Defendants and possibly with the prison where he is located. Plaintiff may discuss these issues in a meet and confer, which is required before he moves to compel Defendants to further respond to discovery. Because Plaintiff has not met and conferred with Defendants, the Court denies Plaintiff's motion in part to the extent it seeks to compel them to provide further discovery.

### III.    Motion to amend complaint.

Plaintiff moves to amend his complaint, asserting that since filing his original complaint, he learned that he named the wrong officer when naming B. Truman as a defendant. (ECF No. 71). Plaintiff explains that really, the officer he meant to name was Lorson Kade. Plaintiff explains that he learned his mistake during his recent deposition when he was informed that B. Truman was never present during his arrest. Plaintiff further explains that he believed B. Truman was the officer present at his arrest because B. Truman's name appeared on Plaintiff's temporary custody report, not Kade's. So, Plaintiff asks to remove B. Truman as a defendant and add Kade.

Defendants oppose Plaintiff's motion, asserting that Plaintiff filed it well past the deadline for amendment and has failed to establish good cause for the delay. (ECF No. 74). Defendants point out that the deadline to amend pleadings or add parties passed on March 17, 2025, but Plaintiff did not file his motion until June 2, 2025. Defendants assert that Plaintiff should have known about Lorson's identity before that deadline. They claim that they "identified and disclosed Officer Lorson, and even provided Plaintiff with Officer Lorson's body-worn-camera footage when they provided their initial Rule 26.1 Disclosures on February 13, 2025, over a month before the deadline to amend and/or add parties."

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed).  Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).  Courts liberally construe pro se filings.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, although Plaintiff moved to amend his complaint after the deadline to do so passed, the Court finds that he was diligent and so grants his motion to amend.  Although Plaintiff does not cite the Federal Rule of Civil Procedure 16(b) good cause standard for modifying the discovery schedule, courts liberally construe pro se filings.  Liberally construing Plaintiff's filing, the Court finds that he has met the good cause standard.  Plaintiff claims to not have learned about Lorson's identity until recently.  And although Defendants claim that they "identified and

disclosed Lorson" before the deadline to amend pleadings and add parties, they do not explain

how or when.  Defendants also assert that they produced Lorson's body camera footage, but as

outlined above, Plaintiff claims to never have received that footage.  So, the Court finds that

Plaintiff has been diligent in seeking to amend his complaint, demonstrating good cause to amend

after the deadline.  Given the mandate to freely give leave to amend when justice so requires, the

Court grants Plaintiff's motion to amend his complaint and will order service on Lorson.

### IV.    Motion to extend discovery.

Plaintiff moves for an extension of discovery deadlines, explaining that the law librarians

only recently visited the Three Lakes Conservation Camp after a month-and-a-half long absence.

(ECF No. 80).  Because of their absence, Plaintiff explains that he has not received court filings

and discovery that the law library receives and must bring to him.  Plaintiff requests at least a

sixty-day extension.  The Court finds that Plaintiff has shown good cause for the extension he

seeks, so the Court will extend the discovery deadlines—none of which have yet lapsed—by sixty

days.[3]  *See* Fed. R. Civ. P. 16(b); *see* LR 26-6.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel

(ECF No. 60) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motions for subpoenas (ECF Nos. 64, 68)

are **granted in part and denied in part.**  They are granted in part regarding Plaintiff's request

for a subpoena, signed but otherwise in blank.  They are denied in all other respects.

---

[3] Defendants have not yet responded to Plaintiff's motion.  However, the Court nonetheless finds that Plaintiff has shown good cause and does not require a response to decide the motion.  *See Alliance of Nonprofits for Ins., Risk Retention Group v. Kipper*, 712 F.3d 1316, 1327-38 (9th Cir. 2013) (finding that the district court did not commit reversible error when it determined certain motions without awaiting or considering responses because the local rule at issue did not guarantee a period of time to file a response and because the court's failure to consider one response did not affect the outcome of the motion or the would-be respondent's substantive rights).

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 71) is **granted.** The Clerk of Court is kindly directed to detach Plaintiff's proposed amended complaint (ECF No. 71-1) and file it on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue a summons for Lorson Kade #19441.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to Plaintiff:

(1) A subpoena, signed but otherwise in blank.

(2) A copy of this order.

(3) A copy of the Form USM-285.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the United States Marshal's Service ("USMS"):

(1) A copy of this order.

(2) A copy of the summons issued to Lorson Kade #19441.

(3) A copy of Plaintiff's amended complaint (ECF No. 71-1).

**IT IS FURTHER ORDERED** that Plaintiff must fill out the USM-285 form for Lorson Kade #19441 and send it to the USMS on or before **August 14, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **September 29, 2025,** to accomplish service on Kade. *See* Fed. R. Civ. P. 4(m).

///

///

///

1     **IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of discovery

2  deadlines (ECF No. 80) is **granted.**  The following deadlines shall govern discovery:

3

4     Discovery cutoff:              September 15, 2025

5     Discovery motions:             September 29, 2025

6     Dispositive motions:           October 14, 2025

7     Joint pretrial order:          November 14, 2025[4]

8

9     DATED: June 30, 2025

10                                    _____

11                                    DANIEL J. ALBREGTS
                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     _____

27  [4] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint
    pretrial order will be suspended until thirty days after decision on the dispositive motions or

28  further court order.