1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Mickyas Berhanemeskel,

                    Plaintiff,

        v.

S. Lopez, et al.,

                    Defendants.

Case No. 2:24-cv-01371-JAD-DJA

**Order**

11

12

13

14

15

16

17

        This is a prisoner civil rights case.  Pro se Plaintiff Mickyas Berhanemeskel sues Las Vegas Metropolitan Police Department Officers for damages, alleging that the officers injured him during Plaintiff's arrest and refused to provide him with medical care.  (ECF No. 87).  Before the Court are Plaintiff's motions (ECF Nos. 92, 95, 103, 107, 112, 116, 122).  Many of his motions are either identical or seek the same relief.  The Court addresses them below and warns Plaintiff that filing repeated motions will not expedite this Court's ruling on them, but will instead slow it down.

18

**I.        Motion for issuance of subpoena (ECF No. 95).**

19

20

21

22

23

24

25

26

27

28

        Plaintiff requests that the Court issue a subpoena for Beza Buruk—his ex-girlfriend who called the police on the night in question—to testify at trial.  (ECF No. 95).  However, trial is not yet scheduled and it is unclear from Plaintiff's motion whether Buruk is willing or unwilling to testify.  If Buruk is willing to testify without a subpoena, Plaintiff need not issue a subpoena to compel her attendance and testimony.  To the extent Buruk refuses to testify voluntarily, Plaintiff may file a motion for a trial subpoena not earlier than four weeks and not later than two weeks before trial.  *See Scott v. Keller*, No. 2:07-cv-00184-KJD-PAL, 2015 WL 7430567, at *2 (E.D. Cal. Nov. 23, 2015); *see Williams v. Ramirez*, No. CIV S-06-2151-WBS-DAD-P, 2009 WL 2795692, at *2 (E.D. Cal. Aug. 25, 2009).  Because trial is not yet scheduled and Plaintiff does

1   not explain whether Buruk is willing to testify or not, the Court denies his motions without

2   prejudice.

3       **II.    Motions to serve subpoenas through United States Marshals Service (ECF Nos.
            92, 107, 112, 122).**
4

5           Plaintiff moves the Court to issue an order commanding the United States Marshals

6   Service ("USMS") to serve his subpoenas to the Nevada Department of Corrections ("NDOC")

7   and the Clark County Fire Department.  (ECF No. 92).  Plaintiff repeats his request in a second

8   motion.  (ECF No. 107).  And a third.  (ECF No. 122).  In another motion he asks the Clerk of

9   Court to provide "papers" to the USMS so that the USMS may serve his subpoenas.  (ECF No.

10  112).

11          "Directing the Marshal's Office to expend its resources personally serving a subpoena is

12  not taken lightly by the court." *Edwards v. Las Vegas Metro. Police Dep't*, 2:13-cv-01316-JAD-

13  CWH, 2015 WL 4623314, *1 (D. Nev. Aug. 3, 2015) (citing *Alexander v. California Dep't of

14  Corr.*, No. 2:08-cv-02773-MCE-KJN-P, 2010 WL 5114931, *3 (E.D. Cal. Dec. 9, 2010))

15  (alteration omitted).  Before tasking the USMS with serving a pro se plaintiff's subpoena, this

16  Court must be persuaded that the information sought meets a minimal threshold.  *See id.*

17  (collecting cases); *see Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2016 WL 11652956, at *1

18  (D. Nev. June 27, 2016).

19          The Court finds that Plaintiff's showing suffices to meet the threshold for an order

20  directing the USMS to effectuate the subpoenas on Plaintiff's behalf.[1]  The Court has already

21  ordered the Clerk's Office to issue these subpoenas, signed but otherwise in blank.  (ECF Nos.

22  58, 86).  In his prior motions, Plaintiff explained that he sought to subpoena NDOC for the

23  records showing when Buruk visited him and for transcripts of their calls, which Plaintiff asserts

24  will show that he was welcomed at Buruk's house on the night in question and could relate to

25  Plaintiff's theory that officers used unnecessary force.  (ECF No. 52).  Plaintiff also explained

26  _____

27  [1] The Court expresses no opinion as to whether the subpoenas requested are appropriate and/or
    timely.  Nothing in this shall order be construed as preventing the subpoena recipients from filing
28  any motions they deem appropriate.

that he wished to subpoena the Clark County Fire Department for their report from the night of the incident, explaining that the fire fighters witnessed officers allegedly refusing Plaintiff medical care. (ECF No. 64). So, the Court will grant Plaintiff's motions, will request that the Clerk of Court again issue blank subpoenas that Plaintiff must fill out, will provide Plaintiff with USM-285 forms, and will direct the USMS to attempt to effectuate service of Plaintiff's subpoenas.

### III.    Motions to extend time (ECF Nos. 103, 116).

In two identical motions, Plaintiff moves to extend the discovery dates by six months. (ECF Nos. 103, 116). He explains that his unit is in lockdown; he is due to be released from custody on October 20, 2025; that he wishes to seek medical treatment after his release; that he is still attempting to serve subpoenas; and that he cannot access documents that Defendants have provided because the warden has possession of the flash drives and has not released them for over a month. Defendants Officer Sergio Lopez, Officer Trevor Rundus, and Officer Lorson Kade oppose Plaintiff's motions. (ECF No. 119). They argue that Plaintiff has not made the showings required by Local Rule 26-3 for his requested extension and that he has not justified the length of the extension.

Defendants have the better argument. Local Rule 26-3 requires the following:

> **LR 26-3. EXTENSION OF SCHEDULED DEADLINES**
> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
> (a)    A statement specifying the discovery completed;
> (b)    A specific description of the discovery that remains to be completed;

(c)     The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)     A proposed schedule for completing all remaining discovery.

While Plaintiff provides the reasons why he believes an extension is necessary, that is only one part of what he must show under Local Rule 26-3 to justify his request. Plaintiff does not address the remainder of Local Rule 26-3's requirements and this information is particularly absent given the long extension Plaintiff seeks. So, the Court denies his motions to extend time without prejudice and with leave to re-file.

**IV.     Repeated motions will not hasten the Court's decisions.**

Finally, Plaintiff is advised that his habit of filing new motions that are, in substance, identical to motions he has already filed will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court. Therefore, Plaintiff's repetitive filings only *slow* the pace of this litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for issuance of a subpoena to Buruk (ECF No. 95) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for the USMS to serve his subpoenas (ECF Nos. 92, 107, 112, 122) are **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to do the following: (1) issue two subpoenas, signed but otherwise in blank; (2) send the two blank subpoenas to Plaintiff; (3) send Plaintiff two USM-285 forms; and (4) send Plaintiff two copies of this order.

**IT IS FURTHER ORDERED** that Plaintiff must fill out the subpoenas with his requests to NDOC and the Clark County Fire Department and must send the following to the USMS on or before **October 8, 2025**: (1) his completed subpoenas; (2) his completed USM-285 forms; and (3) two copies of this order.

1      **IT IS FURTHER ORDERED** that, if Plaintiff complies with the requirements above, the

2  USMS is kindly directed to attempt to effectuate service of Plaintiff's subpoenas to NDOC and

3  the Clark County Fire Department.

4      **IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 45(a)(4),

5  the parties are placed on notice that Plaintiff's subpoenas duces tecum will issue and be served on

6  NDOC and the Clark County Fire Department.

7      **IT IS FURTHER ORDERED** that Plaintiff's motions to extend time (ECF Nos. 103,

8  116) are **denied without prejudice and with leave to refile.**

10      DATED: September 9, 2025

12      DANIEL J. ALBREGTS
        UNITED STATES MAGISTRATE JUDGE