**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mickyas Berhanemeskel, | Case No. 2:24-cv-01371-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| S. Lopez, et al., | |
| Defendants. | |

This is a prisoner civil rights case. Pro se Plaintiff Mickyas Berhanemeskel sues Las Vegas Metropolitan Police Department ("LVMPD") Officers for damages, alleging that the officers injured him during Plaintiff's arrest and refused to provide him with medical care. Before the Court are Plaintiff's motions (ECF Nos. 129, 130, 131, 132, 137, 138, 139, 143, 165, 167, 169, and 170). The Court discusses each of these motions below.

**I.   Motions to extend discovery (ECF Nos. 129, 130).**

In two motions, the first filed September 18, 2025, and the second filed September 23, 2025, Plaintiff seeks an extension of the discovery deadline, which passed on September 15, 2025, and the deadlines following it. (ECF Nos. 129, 130). The first motion does not comply with Local Rule 26-3, so the Court denies it without prejudice. The second motion is identical to a motion that Plaintiff has already filed at ECF No. 116, which motion the Court already denied for not complying with Local Rule 26-3. So, the Court denies the second motion without prejudice.

**II.   Motion to exceed 25 interrogatories (ECF No. 131).**

Plaintiff moves to exceed the twenty-five-interrogatory limit in Federal Rule of Civil Procedure 33, explaining that he served more than twenty five interrogatories on Defendant Lorson Kade but Kade refused to respond to the interrogatories that exceeded the limit. (ECF No. 131). Plaintiff also argues that Kade's responses were late. Defendants argue that Plaintiff failed

to meet and confer before bringing his motion and that Kade's responses are timely because he served them thirty days after he answered the complaint. (ECF No. 142).

Kade's unsupported assertion that his responses are timely is not persuasive. On the other hand, Plaintiff has not met and conferred before bringing his motion as required by Local Rule 26-6(c). So, the Court denies the motion without prejudice. If Plaintiff files any future motion related to these interrogatories, he must attach a declaration outlining the details of the meet and confer.

### III.    Motion for Court order to serve subpoenas (ECF No. 132).

Plaintiff moves for a Court order requiring the United States Marshals Service ("USMS") to serve his subpoena on the Nevada Department of Corrections ("NDOC"). (ECF No. 132). The Court has already granted Plaintiff this relief. (ECF No. 124). So, it denies his motion.

### IV.    Motion "in regard to discovery" (ECF No. 137).

Plaintiff moves the Court to compel Defendants' counsel to produce the 911 calls to which LVMPD responded when they arrested him. (ECF No. 137). In two duplicate responses, Defendants argue that Plaintiff failed to meet and confer before bringing the motion. (ECF Nos. 156, 157). Defendants add that they did produce the calls at issue on July 15, 2025. Because Plaintiff insists that he does not have the calls, but Defendants insist that they provided them, the Court will deny the motion (ECF No. 137) and direct the parties to meet and confer regarding this issue. *See* Fed. R. Civ. P. 37(a)(1); *see* LR 26-6. If Plaintiff files any future motion related to these calls, he must attach a declaration outlining the details of the meet and confer.

### V.    Motion for transportation of inmate (ECF No. 138).

Plaintiff requests to be transported to the Court for his personal appearance or for leave to appear by telephone or video conference "at the hearing in the instant case that is scheduled for joint pretrial November 14, 2025." (ECF No. 138). There is no hearing scheduled for November 14, 2025. It appears that Plaintiff is referring to the joint pretrial order deadline. (ECF No. 86). But the joint pretrial order is not a hearing. Instead, it is something that the parties jointly discuss and prepare in advance of trial. *See* LR 16-3. Because there are two motions for summary judgment pending, the joint pretrial order deadline is suspended until thirty days after the Court

decides the motions for summary judgment. *See* LR 26-1(b). So, the Court denies Plaintiff's motion for transportation.

### VI. Motion for copies of supplemental brief in support of summary judgment (ECF No. 139).

Plaintiff moves for a copy of the supplemental brief that he filed in support of his motion for summary judgment, explaining that his copy was lost and that the law library cannot find it. (ECF No. 139). The Court ordinary cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis*. *See Jackson v. Philson*, No. 3:20-cv-00009-GMN-CLB, 2020 WL 9888358, at *1 (D. Nev. Sept. 28, 2020). Plaintiff neither explains whether he is unable to request or pay for a new copy of his supplemental brief, nor describes any efforts he has taken to do so. So, the Court denies his motion without prejudice.

The Court also notes that Plaintiff attaches an amended version of his summary judgment motion to the motion for copies, explaining that he has corrected the name of a Defendant. However, if Plaintiff wishes to correct his summary judgment motion, he must do so in a separate filing.

### VII. Motion for "time extension to get his own attorney or for court to appoint one" (ECF No. 143).

Plaintiff moves for an extension of time, but does not specify the deadline he seeks to extend. (ECF No. 143). Instead, it appears that Plaintiff is asking the Court to appoint him counsel. He asserts that he has not received certain discovery he requested from Defendants, that he lacks legal knowledge, and that his case is quickly approaching the "pretrial" stage (it appears he is referring to the pretrial order deadline) but Plaintiff does not know what that means. Defendants oppose the motion, arguing that Plaintiff has demonstrated an ability to litigate his case, but otherwise failed to brief the appropriate standards for appointing counsel. (ECF No. 161).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford

counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, the Court denies Plaintiff's motion seeking appointment of counsel because he has not shown exceptional circumstances. While Plaintiff explains that he lacks legal knowledge and understanding of certain legal terms, nearly all pro se litigants face these challenges. And Plaintiff has thus far demonstrated an ability to articulate his claims pro se. Regarding the merits of the case, Plaintiff's claims have passed screening, but not the summary judgment stage, and so the likelihood of success on the merits is unclear. If Plaintiff's case proceeds beyond the summary judgment stage, however, Plaintiff may re-file and the Court will reconsider a motion for appointment of counsel.

**VIII.    Motion to extend time to serve Clark County Fire Department (ECF No. 165).**

Plaintiff moves for an extension of time to serve his subpoena on the Clark County Fire Department, explaining that the law library gave him the name of the former fire chief to put on his subpoena, which resulted in the subpoena being returned unexecuted. (ECF No. 165). Plaintiff appears to be seeking to extend the October 8, 2025, deadline by which the Court required Plaintiff to send the USMS his completed subpoenas and USM-285 forms. (ECF No. 124). However, discovery is now closed. If Plaintiff wishes to serve a second subpoena, he must first move and be granted an extension of the discovery deadline. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. The Court therefore denies his motion without prejudice.

**IX.    Motion requesting Defendants "to send the following documents" (ECF No. 167).**

Plaintiff moves Defendants to produce certain documents. (ECF No. 167). The Court liberally construes Plaintiff's motion as a motion to compel. *See* Fed. R. Civ. P. 37(a). But Plaintiff does not attach a certification that he has met and conferred with Defendants' counsel

before bringing his motion. *See* Fed. R. Civ. P. 37(a); *see* LR 26-6. The Court will therefore deny Plaintiff's motion without prejudice.

### X.     Motion "in regards to subpoena that was served on NDOC" (ECF No. 169).

Plaintiff moves to serve a second subpoena on NDOC, explaining that he forgot to include a category of documents that he would like to request. (ECF No. 169). However, discovery is now closed. If Plaintiff wishes to serve a second subpoena, he must first move and be granted an extension of the discovery deadline. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. The Court therefore denies his motion without prejudice.

### XI.    Motion to "provide Court e-file forwarding address" (ECF No. 170).

Plaintiff moves to update his address. (ECF No. 170). The Court grants his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 129, 130, 131, 132, 137, 138, 139, 143, 165, 167, 169) are **denied** as explained in this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to update his address (ECF No. 170) is **granted.** The Clerk of Court is kindly directed to add the following address to the docket for Plaintiff:

**Mickyas Berhanemeskel**

1001 North 4th Street

Las Vegas, NV 89101

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** a copy of this order to Plaintiff at the above address.

DATED: November 14, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE